**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| BARBARA CROSBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 16-CV-559-JED-FHM |
| v. | ) | |
| | ) | |
| W.G. WADE SHOWS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff initiated this case in Tulsa County District Court on June 10, 2016, alleging that she was severely injured while attending the State Fair in Tulsa on October 4, 2015 as a result of "mats not being properly in place to cover . . . electrical cables." (Doc. 2-2 at 2). She attributes her injuries to the negligence of the defendant "in placing the cables and mats loosely and without protection of the pedestrians over the midway." (*Id.*). In her Petition, she alleged that the "amount in controversy exceeds $10,000.00." (*Id.* at 1). On July 6, 2016, the defendant moved to clarify damages in accordance with *Okla. Stat.* tit. 12, §§ 2008(A) and 2009(H), because plaintiff failed to comply with the requirement of § 2008(A) to provide in her Petition a "demand for judgment" stating whether she sought damages "in excess of the amount required for diversity jurisdiction" (in excess of $75,000.00). Plaintiff then moved to strike the defendant's motion to clarify damages. In her motion to strike, plaintiff admitted that her damages "could far exceed the Federal jurisdictional amount of $75,000.00" such that federal subject matter jurisdiction was concurrent with state court jurisdiction. (Doc. 2-8 at 1-2). Based on the plaintiff's indication that she is seeking damages that may well exceed $75,000.00, the defendant then removed this action.

Plaintiff moves to remand (Doc. 14) based on her allegation that the defendant's removal was untimely. Because plaintiff's initial petition did not indicate whether she is seeking damages

in an amount that would satisfy the amount in controversy requirement of 28 U.S.C. § 1332(a), the defendant was required to remove the action "within 30 days after receipt . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).  The plaintiff's motion to strike the defendant's motion to clarify damages was the "motion . . . or other paper" from which defendant could first ascertain that the case was removable, because plaintiff for the first time there admitted an amount in controversy that would satisfy diversity jurisdiction requirements.  That motion to strike was filed on August 11, 2016 in the state court.  (Doc. 2-8).  Defendant filed the Notice of Removal (Doc. 2) on August 26, 2016, which was 15 days after the filing of plaintiff's motion to strike.  The removal was thus timely under § 1446(b)(3).

IT IS THEREFORE ORDERED that plaintiff's Motion to Remand to State Court (Doc. 14) is **denied**.  Plaintiff's Motion to Strike the defendant's motion to clarify damages (Doc. 10) is also **denied**.  Both of those filings by plaintiff were frivolous attempts to avoid removal and dodge compliance with the straightforward pleading requirements set forth in Oklahoma law.  Such gamesmanship will not be tolerated in the future in this Court.  Because the amount in controversy exceeds the jurisdictional threshold, defendant's Motion to Clarify Damages (Doc. 8) is **moot**.[1]

SO ORDERED this 13th day of January, 2017.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE

---

[1]     The Court's determination that the Motion to Clarify Damages is moot shall not be construed as denying defendant the right to conduct discovery regarding plaintiff's damages.  To be clear, discovery may be conducted on the issue of plaintiff's damages, and this Order does not alter the plaintiff's obligations with respect to initial disclosures relating to damages.

2